```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION
```

**CHARLISE ANDERSON**                                              **PLAINTIFF**

**VS.**                               **CIVIL ACTION NO. 3:17-CV-217-TSL-RHW**

**SUMMIT HOTEL OP, LP, D/B/A**
**COURTYARD JACKSON RIDGELAND;**
**MARRIOTT INTERNATIONAL, INC.;**
**AND JOHN DOES NOS. 1-10**                                       **DEFENDANTS**

### MEMORANDUM BRIEF IN SUPPORT OF THE MOTION TO DISMISS FILED BY DEFENDANT, MARRIOTT INTERNATIONAL, INC.

COMES NOW, Marriott International, Inc., one of the Defendants in the above-styled cause of action, by and through its undersigned counsel of record, Deaton & Berry, P.A., and submits its Memorandum Brief in Support of its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and in support thereof, would respectfully show unto the Court as follows:

### FACTS

On or about March 30, 2017, Plaintiff filed her Complaint in the above-styled cause of action. On or about June 14, 2017, Plaintiff filed her Amended Complaint in this matter. Plaintiff's Amended Complaint asserts a claim for personal injury against the named Defendants.

Plaintiff's Amended Complaint identified "Marriott International, Inc." as a purported defendant. However, Marriott International, Inc. has no ownership interest in the subject

property, nor does it operate the hotel, as stated more specifically, *infra*.

## LEGAL STANDARD

When considering a Rule 12 (b)(6) motion, courts review the sufficiency of the Complaint. In order to survive such a motion, a plaintiff's complaint must allege a plausible claim for relief. The Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . .claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal quotations marks omitted). The Supreme Court of the United States has explained the application of this standard as follows:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . .

*Id.* at 561 (internal citations and footnote omitted). *Twombly* marked the "retirement" of the language from *Conley v. Gibson* that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. at 561-62 (citing *Conley*, 355 U.S.

41, 45-46 (1957)). Instead, the Supreme Court directed that a mere possibility is insufficient; well-pled allegations must nudge the claim "across the line from conceivable to plausible" to survive motion to dismiss. *Twombly*, 550 U.S. at 570. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take facts asserted therein as true. *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

## LEGAL ARGUMENT

In the case *sub judice*, the only reference to this Defendant in Plaintiff's Amended Complaint is at ¶ 5 in which Plaintiff states "Marriott International, Inc., is a foreign corporation conducting business in the State of Mississippi and may be served through its registered agent for service of process, Corporate Creations Network, Inc., located at 232 Market Street, #1600, Flowood, Mississippi, 39232."

Pursuant to the requirements of *Twombly*, the Plaintiff must provide the grounds entitling her to relief from this Defendant.

-3-

The Plaintiff's Amended Complaint has not asserted any plausible claim against this Defendant.  The Amended Complaint does not state that this Defendant owned the subject hotel, operated the subject hotel, or had any control over the daily operations of the subject hotel.

At the time of the subject incident, the subject property was owned by Summit Hotel OP, LP which is a named Defendant in this matter.  At no time did this Defendant own, or operate, the hotel in any manner whatsoever.  Therefore, Plaintiff has not stated sufficient grounds for relief against this Defendant.

### CONCLUSION

Plaintiff's Amended Complaint fails to state a claim for relief against this Defendant as Marriott International, Inc. has no affiliation with the subject property.  Based on the facts and authorities contained hereinabove, Defendant, Marriott International, Inc. respectfully requests that the Plaintiff's claim against it be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

THIS, the 30th day of June, 2017.

                              Respectfully submitted,

                              MARRIOTT INTERNATIONAL INC.

                  By:  /s/ JOE S. DEATON, III
                       JOE S. DEATON, III, MSB #8839
                       R. JASON CANTERBURY, MSB # 103297
                       *ATTORNEYS FOR DEFENDANT*

OF COUNSEL:

DEATON & BERRY, P.A.
229 Katherine Drive
P.O. Box 320099
Flowood, MS 39232
Telephone: (601) 988-0000
Facsimile: (601) 988-0001
jdeaton@dg-law.com
jcanterbury@dg-law.com

## CERTIFICATE OF SERVICE

I, JOE S. DEATON, III, do hereby certify that I have this day electronically filed the foregoing ***Memorandum Brief in Support of the Motion to Dismiss filed by Defendant, Marriott International, Inc.*** with the Clerk of the Court using the ECF Filing system which sent notification to the following counsel of record:

    Bradley S. Clanton, Esq.
    Clanton Law Firm, PLLC
    Post Office Box 4781
    Jackson, Mississippi 39296
    brad@clantonlegalgroup.com

THIS, the 30th day of June, 2017.

                                         /s/ JOE S. DEATON, III
                                         JOE S. DEATON, III
                                         R. JASON CANTERBURY